IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS V. HUBER and JEAN J. HUBER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. 3:2007-145 |
| v. ) | |
| ) | |
| MAURICE A. LAWRUK and PENN ALTO ) | |
| HOTEL, INC. and PENN ALTO SERVICES, ) | |
| INC. and PENN ALTO ASSOCIATES ) | JUDGE GIBSON |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Plaintiffs' Motion for Summary Judgment (Document No. 70), Defendants' Motion to Strike Reports of Plaintiffs' Damages Expert and Preclude His Testimony (Document No. 77), Defendants' Motion for Summary Judgment (Document No. 79), and Plaintiffs' Motion to Stay Defendants' Daubert Motion (Document No. 85). For the reasons stated herein, the Court will grant in part and deny in part the Plaintiffs' Motion for Summary Judgment, grant in part and deny in part the Defendants' Motion for Summary Judgment, will deny without prejudice to re-file the Defendants' Motion to Strike Reports of Plaintiffs' Damages Expert and Preclude His Testimony (Document No. 77) and will deny as moot the Plaintiffs' Motion to Stay Defendants' *Daubert* Motion (Document No. 85).

Francis Huber and Jean Huber (hereinafter the "Hubers") and Maurice Lawruk (hereinafter "Lawruk") were joint owners of the Penn Alto Hotel until 1989. The Hubers lived in the Hotel and

managed it since the parties became partners in owning and operating the hotel in 1974. In 1989, the Hubers and Lawruk transferred their interests in the Hotel to the Penn Alto Associates Limited Partnership (hereinafter "PAA") in exchange for two promissory notes, one issued to the Hubers, the second to Lawruk. The Hubers' note,[1] dated June 1, 1989, promised payment of $178,018.76, with interest accruing at "9.23% per annum" "on the unpaid principal amount" with the first such payment to be on June 1, 1990. The interest was to be paid out of PAA's "cash flow" as defined in the note. The note further provided as follows:

> The outstanding principal amount of this Note, together with all interest accrued and unpaid thereon, shall be due and payable on the earlier of (i) June 30, 2005, or (ii) the date when a Sale or Refinancing Transaction (as hereinafter defined) occurs ("DUE DATE").
>
> ***
>
> 3.1 Events of Default. The following shall constitute Events of Default hereunder:
>
> (a) the Company fails to pay any installment of principal or interest on this Note within thirty (30) days of the time the same shall become due and payable.
>
> ***
>
> 7.4 Nonrecourse. The HOLDER shall have recourse only to the assets of PENN ALTO for satisfaction of the obligations of PENN ALTO under this Note, and shall not have recourse to any assets of any Partner.

On June 1, 1989, the Hubers and Lawruk sold the Hotel to PAA. No principal installment payment or interest installment payment was ever made on the note. Furthermore, the balance of principal and interest was not paid upon the sale of the hotel or on June 30, 2005. Unlike the frequency of the payments of interest, the frequency of the installments payments of the principal was never set forth in the note. The Plaintiffs claim breach of contract in Counts One and Two of their Complaint based

---

[1] Unless indicated otherwise all references to "the note" pertain to this note given to the Hubers.

2

upon PAA's respective failures to pay installments on the note and to pay the outstanding principal and interest on the note by June 30, 2005. Count Three of the Complaint alleges that PAA, Penn Alto Services, Inc. (hereinafter "PAS") and Penn Alto Hotel, Inc. (hereinafter "Hotel")[2] are the alter egos of Lawruk or a single entity whose corporate forms should be disregarded under the theory of piercing of their corporate veils. Complaint (Document No. 1) ¶¶ 55-57.

The Plaintiffs' allegations at Count Two of the Complaint are that the Plaintiffs were not paid on June 30, 2005 or upon the sale of the Hotel; they contend that PAS is liable for the principal and interest owed to them and that the non-recourse provision of the Note is void as contrary to public policy. "Pennsylvania law requires that a plaintiff seeking to proceed with a breach of contract action must establish '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.' *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super.Ct.1999)." *Ware v. Rodale Press, Inc.* 322 F.3d 218, 225 (3d Cir. 2003). It is clear to the Court that judgment in favor of the Plaintiffs against PAA is appropriate for breach of the promissory note's provision for payment of outstanding balance and interest by June 30, 2005. As for the other Defendants, summary judgment will be denied. This is because the Court finds that the Plaintiffs' legal understanding of the non-recourse provision in the note is incorrect.

No Pennsylvania court has addressed directly the validity of a non-recourse provision of a promissory note given by a Pennsylvania limited partnership. However, the principles of contract law and Pennsylvania procedure with respect to limited partnerships recognize that assignment of liability

---

[2]The Plaintiffs admit that Penn Alto Hotel, Inc. changed its corporate name to Penn Alto Services, Inc. and therefore the Court will consider them one in the same entity. Defendants' Statement of Undisputed Fact # 28 (Document No. 81); Plaintiffs' Response #28 (Document No. 95)

3

and execution upon assets for liability are separate matters.

It is undisputed that Pennsylvania recognizes that "a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners." 15 Pa.C.S.A. § 8533. The note in question was provided by PAA and signed by Lawruk with the title "General Partner" below his signature line. The Defendants deny that Lawruk was the general partner, but contend that PAS was the only general partner. (Document No. 81) ¶ 25. Nevertheless, the nonrecourse provision limits recovery against PAA to the assets of PAA and not any of the partners. The Plaintiffs argue this is contrary to public policy in light of § 8533.

Although § 8533 generally sets forth the liability of general partners of a limited partnership in Pennsylvania, it does not mean that the assets of general partners are always open to execution. Prior to accepting the terms of the note, the Plaintiffs had an unfettered right to demand a guarantee of payment from the limited partnership through many forms of contracting, including acceptance of a mortgage on the hotel itself. However, the Plaintiffs accepted from the limited partnership a promissory note with a non-recourse term. The note did not extinguish liability against the limited partnership, as it was the limited partnership promising to pay under the note. The failure to pay pursuant to a note would subject the general partner to liability for such payment and the holder of the note could seek satisfaction from the general partner, but the non-recourse provision in this instance restricted recovery to the limited partnership assets. The limited partnership is still liable on the note and it quite clearly is in breach of the promissory note as alleged in Count II of the Complaint. Yet, collection on that breach is limited to the assets of the partnership, not the assets of any partner.

Although the Plaintiff believes that the non-recourse provision is void as it is in violation of

4

public policy, individuals can contract to limit their rights at any time. A noted treatise on contracts recognizes that when one relinquishes a right he would otherwise possess, he is providing a detriment that establishes consideration for the contract. John Edward Murray, Jr., *Murray on Contracts* § 56 (4th ed. 2001). The Plaintiffs argue that they cannot contract against the provision for general partner liability under § 8533, which establishes public policy on this issue. The Plaintiffs fail to recognize Pennsylvania Rule of Civil Procedure 2132 which provides for execution against only partnership property when the partnership is sued in its name only and alternatively permits execution upon the property of the partnership and partners' property if the partnership and the partners trading as the partnership were named as parties to the civil action. If non-recourse provisions such as the present one are void as against public policy, how is it that a plaintiff can effect the same result should he choose to sue only the partnership and not the partners?

The Court views this as the same choice, except, the Plaintiffs made the choice at the time of contracting to limit their recovery in the event of breach to the partnership assets and not the assets of any partner. In the absence of the present non-recourse provision within the note, the Plaintiffs would effect the same result had they only named PAA as the lone defendant. Therefore, the Court cannot determine the non-recourse provision to be in violation of Pennsylvania public policy as a Pennsylvania Rule of Civil Procedure recognizes the very same limitation in issue through the initiation of a civil action. Furthermore, the naming of the Hotel, PAS and Lawruk as parties does not save the Plaintiffs' claims against these entities as general partners or alter egos of a general partner. The Plaintiffs accepted a promissory note which provided for limited recourse to property in the possession of the limited partnership. They did not have to accept this note, but they did. The limited partnership was

5

in privity of contract with the Plaintiffs and it acted through a general partner, who is reflected as Lawruk. While this may be an omission or scrivener's error as offered by the Defendants that incorrectly lists Lawruk as a general partner, the breach occurs by the limited partnership's failure to pay. In being constrained to look to only the limited partnership assets, the identity of the general partner is irrelevant, whether it be Lawruk or PAS as argued by the Plaintiffs. See Plaintiffs' Motion (Document No. 70), ¶ 14.

Even if Lawruk was found to be a general partner by the theory of partner by estoppel, he becomes a partner protected by the non-recourse provision. *See O'Brien & Gere Engineers, Inc. v. Taleghani*, 504 F.Supp. 399, 401 (E.D.Pa. 1980). As for the assumption of the liability by the general partner as mentioned in the report of David Hamilton, CPA, (Document No. 73-73), this is a mischaracterization of the information provided by Attorney John E. Eberhart, Jr. whose correspondence to Hamilton recognizes the presence of the non-recourse provision and notes that should the Hubers be successful in prosecuting a civil action against PAA and should PAA not have any assets at that time, "responsibility for payment of the same may fall to the general partner, Penn Alto Hotel, Inc., but under no circumstances will fall to any other partner." Of course this is a legal interpretation of the note by Attorney Eberhart, but it certainly was not a confirmation of an assumption of any liability on the behalf of the general partner. Mr. Hamilton confirmed the equivocation in this conclusion through his testimony.[3] See Plaintiff's Appendix, Hamilton Deposition (Document No. 73-

---

[3]The Plaintiffs present an informal request to strike the affidavits of Mr. Halpern and Mr. Eberhardt regarding issues for which the Plaintiffs claim that the Defendants had no Rule 30(b)(6) witnesses. The Court will not strike these affidavits in the absence of a formal motion. Nevertheless, these affidavits have not been considered by the Court in this analysis.

6

88), p. 20, l. 8-12. There is no evidence of assumption of liability for the promissory note by PAS. In the absence of any means of novation by another party, only PAA is within privity of contract with the Plaintiffs.

The Plaintiffs' arguments as to "assumption" are not persuasive either. The Plaintiffs have not pleaded a novation in their complaint and it is their obligation to do so. *See Refuse Mgmt. Sys. v. Consolidated Recycling and Transfer Sys.*, 671 A.2d 1140, 1145 (Pa. 1996). A third party's assumption of duty to act under a contract is part of the consideration for a novation. John Edward Murray, Jr., *Murray on Contracts* § 145 (4th ed. 2001). The Plaintiffs have only argued that PAS was a general partner and that is the basis for its liability, not a novation that resulted in its assumption of the liability on the note for which it was protected against through the non-recourse provision.

Furthermore, the fact that Lawruk contradicted himself in representations of the character of the debt incurred by PAA does not prove either of the breach of contract claims. If he committed a crime, that is a matter for federal and state law enforcement, if he contradicted himself such is a matter for trial and if he falsified characterizations of the debt of PAA such representations do not establish a cause of action against any of the parties. Promissory estoppel has not been pleaded in any way. Nor has a modification of the promissory note been established; any such modification is required to be in writing under paragraph 7.1 of the promissory note. Facts have not been established that would require this Court to take the breach of contract claims from the province of a jury and conclude that the Defendants, other than PAA are liable on the promissory note. Therefore, the Court agrees with PAA that it is the only party upon which summary judgment may be entered in accordance with the Plaintiffs' motion. Any requested amendment of the Complaint by the Plaintiffs in order to allege a partner by

7

estoppel theory would be ineffectual in the face of the non-recourse provision and is therefore denied.

Therefore, the Defendants' motion for summary judgment is granted as to Counts I and II as to Lawruk as the non-recourse provision prevents any recourse against him if he was found to be a partner of any type within the limited partnership. The Defendants' motion for summary judgment is granted as to PAS and the Hotel as to Counts I and II based upon the same non-recourse provision and the Court's conclusion that PAS and the Hotel did not assume liability on the promissory note as argued by the Plaintiffs. As for Count III, the request to pierce the corporate veil of corporate defendants is not a claim for which a right to jury exists, whether in federal or Pennsylvania state court. *Advance Telephone Systems, Inc. v. Com-Net Professional Mobile Radio*, 846 A.2d 1264, 1275-1277 (Pa. Super. 2004). The Plaintiffs' allegations in this regard relate to a theory of liability against Lawruk, but once again no Defendant other than PAA is liable as a result of the non-recourse provision of the promissory note, even if this Court would pierce each of the corporate veils. Defendants' motion for summary judgment is granted at Count III and that Count is dismissed in its entirety.

With only the claim at Count One remaining as to PAA and no other Defendants, the Court will deny without prejudice to re-file the Defendants' Motion to Strike Reports of Plaintiffs' Damages Expert and Preclude His Testimony (Document No. 77) as the intent of the Plaintiffs' trial strategy in using Mr. King may change as a result of today's rulings. It may be re-filed in accordance with the deadlines to be set in a forthcoming pretrial order. As a result of today's rulings, the Court will deny as moot the Plaintiffs' Motion to Stay Defendants' *Daubert* Motion (Document No. 85).

8

AND NOW, this 3rd day of June, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiffs' Motion for Summary Judgment (Document No. 70) is GRANTED IN PART as to Penn Alto Associates and DENIED IN PART as to the remainder of the Defendants; **IT IS FURTHER ORDERED THAT** the Defendants Maurice A. Lawruk, Penn Alto Hotel, Inc. and Penn Alto Services, Inc.'s Motion for Summary Judgment (Document No. 79) is GRANTED. **IT IS FURTHER ORDERED THAT** Defendants' Motion to Strike Reports of Plaintiffs' Damages Expert and Preclude His Testimony (Document No. 77), is DENIED WITHOUT PREJUDICE TO re-file said motion in accordance with the deadlines set forth in a forthcoming pretrial order; **IT IS FURTHER ORDERED THAT** the Plaintiffs' Motion to Stay Defendant's *Daubert* Motion (Document No. 85) is DENIED AS MOOT.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE